IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTOINE M. BUSH, | § | |
| | § | No. 9, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | |
| | § | Cr. ID No. 1505024972 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 16, 2016
Decided: June 14, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 14th day of June 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On October 22, 2015, after a one day trial, a Superior Court jury found the appellant, Antoine M. Bush, guilty of Resisting Arrest with Force or Violence. Bush was sentenced to six months of Level V incarceration. This is Bush's direct appeal.

(2) On appeal, Bush's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the

record, there are no arguably appealable issues. Counsel informed Bush of the provisions of Rule 26(c) and provided Bush with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Bush of his right to identify any points he wished this Court to consider on appeal. Bush has raised several issues for this Court's consideration. The State has responded to the issues raised by Bush and moved to affirm the Superior Court's judgment.

(3)     When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)     The record reflects that Bush was indicted for Resisting Arrest with Force or Violence, Offensive Touching of a Law Enforcement Officer, Disorderly Conduct, and Harassment. Before trial, the State entered a nolle prosequi on the Disorderly Conduct and Harassment charges. The following evidence was presented at trial. On May 31, 2015, Wilmington police responded to a 911 call reporting that a man was throwing a woman's

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

belongings out of a house. At the scene, Officer Kroll saw a large pile of items on the front yard. Officer Kroll also saw Bush standing near the front door of the house.

(5) After speaking with Bush's girlfriend and her parents who were standing near the pile of items, Officer Kroll asked Bush if he lived at the house. Bush said no, he did not. Officer Kroll then told Bush that he had been asked to leave and to provide the key to the house.

(6) Bush, who appeared agitated, denied having a key to the house, took off his necklace, and appeared to be preparing for a fight. Officer Kroll and another police officer, Officer Begany, decided to detain Bush for everyone's safety. The police officers asked Bush to put his hands behind his back and took hold of his wrist to put on handcuffs. According to Officer Kroll, Bush pulled away, grabbed him in a bear hug and pinned him to the house. Officer Kroll hit Bush several times, but Bush did not let go.

(7) Another police officer, Officer Rivell, arrived on the scene. Officer Rivell testified that he saw Officer Kroll and Officer Begany trying to take Bush in custody, but Bush was pulling away and clenching his fists. After Bush ignored Officer Rivell's warnings that he would deploy his taser if Bush did not put his hands behind his back, Officer Rivell deployed his taser. Bush and Officer Kroll fell to the ground, but Bush continued to

3

struggle. Officer Kroll testified that Bush punched him in the face. Officer Kroll deployed his taser. The police were eventually able to subdue Bush.

(8) Bush was taken to the hospital. On the way to the hospital, Bush told one of the police officers that he had been trying to take away Officer Kroll's taser. Bush's girlfriend testified that Bush was verbally combative with the police officers, but not physically combative. She also testified that the police threw Bush to the ground and tasered him multiple times without provocation.

(9) Bush testified that he was drunk and verbally combative with the police, but that he put his hands on the wall as directed by the police. When one of the police officers grabbed his neck, Bush testified that he grabbed the officer's arm to remove it because he could not breathe. According to Bush, that is when the police began tasering and hitting him. Bush claimed that he did not hit any of the police officers or use any force to get away from the police officers.

(10) The jury found Bush guilty of Resisting Arrest with Force or Violence and not guilty of Offensive Touching of Law Enforcement Officer. The State filed a motion to declare Bush a habitual offender under 11 *Del C.* § 4214(a). After Bush's counsel indicated that he had no good faith basis to challenge the State's motion to declare Bush a habitual offender and Bush

4

stated that he did not have anything to say before the Superior Court ruled on the motion, the Superior Court granted the motion. The Superior Court sentenced Bush as a habitual offender to six months of Level V incarceration. This appeal followed.

(11) On appeal, Bush argues that: (i) Officer Kroll assaulted him and used excessive force; (ii) he did not put his hands on anyone; (iii) he was guilty of Resisting Arrest, which is a misdemeanor, not Resisting Arrest with Force or Violence, which is a felony; and (iv) he should not have been declared a habitual offender. We construe Bush's first three claims as an argument that there was insufficient evidence to support Bush's conviction for Resisting Arrest with Force or Violence. Bush did not move for a directed verdict or judgment of acquittal so we review this claim for plain error.[2]

(12) In reviewing whether there was sufficient evidence supporting Bush's convictions, the Court must determine whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] A person is guilty of Resisting Arrest with Force or Violence when they intentionally prevent or attempt to prevent a peace officer from making an arrest or detention of the

---

[2] Supr. Ct. R. 8; *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).
[3] *Williamson v. State*, 113 A.3d 155, 158 (Del. 2015).

5

person by use of force or violence toward the officer.[4] A person is guilty of Resisting Arrest when they intentionally prevent or attempt to prevent a peace arresting from making an arrest or detention of the person or when they intentionally flee from the peace officer.[5]

(13) There was testimony that Bush physically pulled away from Officer Kroll and Officer Begany when they tried to detain him and that Bush pinned Officer Kroll. As to the existence of conflicting testimony among the witnesses, the fact-finder "is the sole judge of a witness' credibility and is responsible for resolving conflicts in testimony."[6] Viewing the evidence in the light most favorable to the State, a rational trier of fact could find Bush guilty of Resisting Arrest with Force or Violence beyond a reasonable doubt.

(14) Bush next argues that he should not have been declared a habitual offender. He offers nothing in support of this contention. Under 11 *Del. C.* §4214(a), any person who has committed three felonies and commits a fourth felony can be declared a habitual offender, subjecting that person to enhanced sentencing.

---

[4] 11 *Del. C.* § 1257(a)(1).

[5] 11 *Del. C.* § 1257(b).

[6] *Pryor v. State*, 453 A.2d 98, 100 (Del. 1982).

6

(15) The State's habitual offender motion was based on Bush's convictions for Rape in the Fourth Degree in 1999, Failure to Properly Report as a Registered Sex Offender in 2009, and Possession of Ammunition by a Person Prohibited and Drug Dealing in 2012. Neither Bush nor his counsel opposed the motion. We conclude therefore that the Superior Court did not err in declaring Bush a habitual offender under 11 *Del. C.* § 4214(a).

(16) This Court has reviewed the record carefully and has concluded that Bush's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Bush could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

7